IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ira David Main, | ) Civil Action No.: 8:13-00078-SB-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Sheriff Bruce Bryant; Chief Administrator James Arwood; Richard L. Martin; Programs Tom Caldwell; James Garvin; Major Robert Hudgins; Cheryl H. Guzman; Medical Department of York County Detention Center; Tammy Dover; Nurse Bracey,[*] | ) |
| | ) |
| Defendants. | ) |

Plaintiff brought this action pro se, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On January 17, 2013, the Court issued an Order directing Plaintiff to bring the case into proper form and advising Plaintiff of his duty to keep the Court informed of his current address. [Doc. 8.] On February 14, 2013, the Court authorized service of process. [Doc. 20.] On May 2, 2013, Defendants filed a motion for extension of time to file dispositive motions, which the Court granted. [Docs. 29, 30.] On May 8, 2013, the Order granting Defendants' motion was returned to the Court as undeliverable to Plaintiff, with the envelope marked "Return to Sender/Not Deliverable." [Doc. 32.] On May 28, 2013, Defendants filed a second motion for extension of time to file dispositive motions, which the Court granted. [Docs. 33, 35.] Plaintiff's copy of the Order granting Defendants'

---

[*] In the Court's Order authorizing service of process, the Court directed the Clerk of Court to terminate Defendant Medical Department of York County Detention Center because no service documents were provided for this Defendant, and the Court concluded this entity was included in the caption only to identify the place of employment of some Defendants. [Doc. 20 at 1.]

second motion for extension of time was also returned to the Court as undeliverable. [Doc. 37.]

As Plaintiff is proceeding pro se, the Court filed an Order on June 6, 2013, giving Plaintiff through June 26, 2013 to file a change of address with the Court. [Doc. 39.] Plaintiff was specifically advised that if he failed to update his address, this action would be dismissed for failure to prosecute. [*Id.*] However, Plaintiff has failed to respond to the Order. As of the date of this Order, Plaintiff has failed to advise the Court of any change in his address.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

>(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
>(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 8 at 3.] Despite this explanation, and the Court's June 6, 2013 Order advising Plaintiff his case was subject to dismissal for failure to update his address [Doc. 39], Plaintiff has failed to update his address. Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

4

    IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u><br>
United States Magistrate Judge

July 12, 2013  
Greenville, South Carolina