IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2013 JUL 26  P 2: 44

| | |
|---|---|
| Ira David Main,<br><br>             Plaintiff,<br><br>v.<br><br>Sheriff Bruce Bryant; Chief Administrator James Arwood; Richard L. Martin; Programs Tom Caldwell; James Garvin; Major Robert Hudgins; Cheryl H. Guzman; Medical Department of York County Detention Center; Tammy Dover; Nurse Bracey,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 8:13-00078-SB<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On January 17, 2013, the Magistrate Judge issued an order directing the Plaintiff to bring the case into proper form and advising the Plaintiff of his duty to keep the Court informed of his current address. The Plaintiff filed an amended complaint on January 25, 2013, and on February 14, 2013, the Court authorized service of process. On May 2, 2013, the Defendants filed a motion for an extension of time to file dispositive motions, which the Magistrate Judge granted. On May 8, 2013, the order granting the Defendants' an extension of time was returned to the Court as undeliverable to the Plaintiff, with the envelope marked "Return to Sender/Not Deliverable." (Entry 32.) On May 28, 2013, the Defendants filed a second motion for an extension of time to file dispositive motions, which

the Magistrate Judge granted. Again, the Plaintiff's copy of the second order granting the Defendants an extension of time was returned to the Court as undeliverable.

Because the Plaintiff is proceeding pro se, the Magistrate Judge issued an order on June 6, 2013, giving the Plaintiff time to file a change of address with the Court. The order instructed the Plaintiff that a failure to update his address may result in a dismissal of the case for failure to prosecute. The order was returned to the Court as undeliverable on June 14, 2013.

Based on the foregoing, on July 12, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the Plaintiff's failure to keep the Court apprised of his current address and recommending that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Attached the R&R was a notice advising the Plaintiff of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed. Moreover, on July 19, 2013, the R&R was returned to the Court marked "return to sender/not deliverable."

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 43), and it is

**ORDERED** that this matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the Plaintiff's failure to advise the Court of his current address and his failure to comply with the Court's orders.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

July 26, 2013
Charleston, South Carolina

#3